**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 86-RJ-00064-CMA

TRANS-EXCHANGE CORPORATION and M & M INVESTORS,

    Plaintiffs,

v.

THE WORLD'S LARGEST PEARL COMPANY and VICTOR BARBISH,

    Defendants.

JOSEPH BONICELLI,
PETER D. HOFFMAN,
PARVENAH HARGROVE,
JOHN LEVY,
THOMAS PHILLIPS,
JERRY HAAG, and
MRS. DELL GRAVES,

    Intervenors.

---

## ORDER GRANTING MOTION TO REVIVE JUDGMENT

---

This matter is before the Court on Plaintiffs' Motion to Revive a November 9, 1989 Judgment (Doc. # 1) issued against Defendants. Interested parties, Michael Bonicelli, Gwendolyn Garris, Donna Fuller (all successors of deceased Intervenor, Joseph Bonicelli and hereinafter, the "Intervening Successors") and the Largest Pearl, LLC (to which the Intervening Successors have transferred their interest) have joined the Motion (Doc. # 6).

## I. BACKGROUND

On January 31, 1985, the Central District of California entered a $476,564.95 judgment ("California Judgment") in favor of Plaintiffs Trans-Exchange Corporation and M & M Investors ("California Plaintiffs") and against Defendants World's Largest Pearl Company and Victor Barbish. The California Judgment also precluded Defendants from removing the Pearl of Allah ("Pearl") from the California court's jurisdiction, selling the Pearl without an accounting to Plaintiffs, and doing anything that otherwise impaired the Pearl's value.

On August 12, 1986, the Central District of California, after finding that "the [Pearl] appears to be located within the jurisdiction of the United States District of Colorado" and "there has been a default and violation of the [California Judgment]," ordered the United States Marshals to immediately seize the Pearl and deposit it within the registry of the United States Court for the District of Colorado or "in any other United States District Court in which the [Pearl] is present." The August 12 Order also set forth parameters for the Pearl's sale and the distribution of the proceeds to satisfy the seizure-related costs incurred by the U.S. Marshals, the Plaintiffs' judgment, and the legitimate interests of third parties in the proceeds.

On August 13, 1986, the Central District of California certified the California Judgment for registration in the District of Colorado, noting that "no notice of appeal from the judgment has been filed" and that the time for appeal has expired. That same

day, a copy of the California Judgment's certification was filed in the court registry for the District of Colorado.

On August 14, 1986, in response to a motion filed by Plaintiff, then Chief Judge Sherman G. Finesilver of the District of Colorado issued an order, with directives nearly identical to the California Court's August 12 Order concerning the Pearl's seizure by U.S. Marshals in Colorado, the sale of the Pearl, and the distribution of proceeds from the Pearl's sale. Chief Judge Finesilver further ordered that:

> This Court shall retain jurisdiction of this matter pending enforcement and full compliance with this Court's Order and the Order of August 12, 1986 entered by the United States District Court for the Central District of California in Case No. CV-81-4043-TJH (Jrx) entitled <u>Trans-Exchange Corporation, etc., et al., Plaintiffs, vs. World's Largest Pearl Co., Inc., etc., et al., Defendants</u> which Order is expressly adopted as the order of this Court in all other material respects.[1]

Subsequent to entry of the August 14 Order in which the District of Colorado retained jurisdiction over the matter[2] (hereinafter, the "Colorado Lawsuit"), various third parties filed Motions to Intervene (hereinafter, the "Colorado Intervenors") asserting the following claims either against the Pearl itself or against Defendants:

---

1  By inference then, the District of Colorado also adopted the California Judgment for which the August 12, 1986 Order sought to remedy Defendants' default.

2  In addition to the instant dispute, the Court notes that other suits concerning the Colorado Intervenors' interests had been filed. For example, on July 21, 1986, Colorado Intervenor Haag sued Defendant Victor Barbish and an Alan Barbish in state district court in El Paso County. On July 29, 1986, the Colorado Intervenors Hoffman and Hargrove filed an Amended Complaint against Colorado Intervenors Bonicelli and Phillips in state district court in El Paso County.

| Date of Motion | Parties | Asserted Interest |
|---|---|---|
| August 18, 1986 | Joseph Bonicelli | 32.3% of the Pearl's value[3] |
| August 18, 1986 | Peter J. Hoffman; Parvaneh Hargrove[4] | 50% interest in the Pearl (Hoffman); promised commission on the sale of the Pearl (Hargrove) |
| August 26, 1986 | Jerry Haag | $250,000 as a result of Defendant Barbish's purported failure to pay Haag for a business |
| October 21, 1986 | Ralph and Selma Allen[5] | Interest in the Pearl. The Pearl had allegedly served as collateral for a $75,000 loan to Defendant Barbish |
| December 18, 1986[6] | Mrs. Dell Graves | Interest in proceeds from the Pearl's sale for satisfaction of expenses Mr. Barbish had purportedly incurred through Mrs. Graves' escrow business and the satisfaction of personal loans Mrs. Graves purportedly made to Mr. Barbish |

---

3  The above-identified asserted interest reflects a Stipulation regarding Settlement of Interests that Bonicelli and Defendant Barbish filed on August 19, 1986, whereby Bonicelli was granted a 32.3% interest in the Pearl.

4 Pursuant to a notification filed on September 7, 1989, the court was notified that Ms. Hargrove had died.

5  On November 10, 1986, the Allens moved to withdraw their Motion to Intervene and withdrawal was granted on November 18, 1986.

6  Mrs. Dell Graves intervened by letter correspondence to the court. On January 5, 1987, the court ordered that Mrs. Graves' letter be treated as a Motion to Intervene.

4

| January 20, 1987 | John Levy | Interest in proceeds from the Pearl's sale for satisfaction of personal loans to Mr. Barbish |
|---|---|---|
| March 21, 1988 | Thomas Phillips | Promised $500,000 commission on the Pearl's sale, plus "$175,000 expense money with [10% simple] interest" |

Subsequent to the filing of the Motions to Intervene, as evidenced by the discovery, dispositive motion, and trial schedules in the docket and court orders, the Colorado Lawsuit expanded to encompass both the claims of the Colorado Intervenors and the priorities of such claims in the Pearl and/or the proceeds of the Pearl's sale. On November 6, 1989, the matter went to trial before Chief Judge Finesilver. However, on the first day of trial, the court ordered a recess to allow the parties to "continue their efforts to resolve this matter." (November 6, 1989 Docket Entry). The court also directed the parties to submit a signed stipulation and proposed order covering all items discussed before the court, by 4:00 p.m. that day. (*See id.*) The Stipulation was duly filed.

On November 9, 1989, Chief Judge Finesilver issued a "Final Order" ("November 9, 1989 Final Order") which wholly adopted the parties' submitted Stipulation. In

pertinent part, the November 9, 1989 Final Order set forth the following concerning the various parties' interests[7]:

- Trans-Exchange Corporation and M & M Investors have a judgment lien against the interests of Victor Barbish and World's Largest Pearl Co., Inc. only, which is senior to all other liens of any type or amount.

- Jerry Haag has a judgment lien against Victor Barbish only, which is junior to the lien of Trans-Exchange Corporation and M & M Investors.

- John Levy has a judgment lien against Victor Barbish only, which is junior to Trans-Exchange Corporation, M & M Investors and Jerry Haag.

- Dell Graves has a judgment lien against Victor Barbish only, which is junior to Trans-Exchange Corporation, M & M Investors, Jerry Haag and John Levy.

- Thomas Phillips possesses the right to receive funds from Joseph Bonicelli's interest pursuant to a written agreement executed on August 11, 1986. Such interest entitles him to the sum of $170,000.00, plus a commission in the event the [Pearl] is sold for $10,000,000 or more equal to $500,000; but if sold for less than $10,000,000, such commission shall be reduced proportionately in accordance with the commission amount provided in the agreement of August 11, 1986, the original of which is attached, incorporated and merged into the Stipulation. Additionally, Mr. Phillips shall receive an amount of money from Victor Barbish equal to 10% simple interest on the sum of $170,000, computed from August 11, 1986 to the date of payment.

- The proprietary interest in the [Pearl] as between Victor Barbish and Peter Hoffman are as follows:
    Victor Barbish - 66-2/3%
    Peter Hoffman - 33-1/3%

- Joseph Bonicelli possesses an interest in the [Pearl] equal to 50% of Victor Barbish's interest and derivative of Victor Barbish's interest. Mr. Bonicelli's interest is junior only to the judgment lien of Trans-

---

7 Pursuant to the parties' stipulation that "Parvenah Hargrove and her estate have no interest in any proceeds from the sale of the [Pearl]," Chief Judge Finesilver dismissed with prejudice Ms. Hargrove's claims.

>       Exchange Corporation and M & M Investors; all of the liens possess
>       their priority by the date of filing with this Court.

Of particular significance to the instant ruling is that paragraph 19 of the November 9, 1989 Final Order specifically provided that "[t]he gross proceeds of the sale shall be deposited with the Clerk of the United States District Court for the District of Colorado, to be disbursed by the Clerk of the Court in accordance with the **final judgment and order** entered by the Court on November 6, 1989."[8] (Emphasis added). Finally, the November 9, 1989 Final Order computed the value of Plaintiffs' judgment lien from the California Judgment to be $628,539.61 (inclusive of interest, partial payment, and additional attorneys' fees), plus interest accruing at the statutory rate from November 6, 1989.[9]

The current Motion to Revive is opposed on two bases by the estate of Mr. Barbish:

   1.   that the November 9, 1989 Final Order was not a final judgment which can be revived; and

   2.   that the "final judgment" in this case was the California Judgment, which expired on January 31, 2005, twenty years after its issuance.

---

[8] Other than this reference and the reference in the docket sheet, the Court was unable to find a record of the referenced Final Judgment and Order entered on November 6, 1989.  The Court considers the November 9, 1989 Order to be the written memorialization of the Court's Final Judgment and Order in this case.

[9] Although the November 9, 1989 Final Order calculated the judgment lien of the California Plaintiffs for purposes of delineating priority of the various claimants' judgment liens to the Pearl or its proceeds, this Court does not interpret that calculation and delineation of priority to be a "final adjudication" or a "re-adjudication" of the California Judgment.

For the reasons discussed below, the Court holds that the November 9, 1989 Final Order was a final judgment with respect to the claims that the Colorado Intervenors asserted against Defendant Victor Barbish.  Accordingly, regardless of whether the Final Judgment was entered on November 6, 1989 or November 9, 1989, this revivor order which is issued on November 6, 2009, within twenty years of the original judgment, is timely under Colorado law and serves to revive the November 9, 1989 Final Order and the claims of the Colorado Intervenors.

## II.  ANALYSIS

**A.   THE CALIFORNIA JUDGMENT**

"A judgment or order is final [  ] if it 'ends the [federal] litigation on the merits and leaves nothing for the court to do but execute the judgment . . . .'" 19 Moore's Federal Practice, § 205.03[1], at 205-31 (Matthew Bender 3d ed.).

The California Judgment was a final adjudication with respect to the dispute between the California Plaintiffs and Defendants and thus was a final judgment between those parties.  However, the Colorado Intervenors were not parties to the California Litigation.  Based on the Court's review of the record, the Colorado Intervenors did not assert claims until at least a year after the California Judgment was issued.  Further, the claims asserted by the Colorado Intervenors appear to arise from transactions, such as personal loans and oral or written contracts, which are unrelated to the basis for the California Plaintiffs' claims against Defendants.  Therefore, the California Judgment cannot be viewed as adjudicating the claims of the Colorado Intervenors against

Defendants, *i.e.*, the California Judgment is not a final judgment as to the Colorado Intervenors.

The Court Docket indicates that the action to register the California Judgment in Colorado was initiated on August 14, 1986. The parties do not dispute that the California Judgment was registered with the United States District Court for the District of Colorado in 1986 with the commencement of this action to register the judgment. Pursuant to 28 U.S.C. § 1963, registered foreign judgments "shall have the same effect as a judgment of the district court of the [registering district] and may be enforced in like manner." While the issue does not appear to have been resolved in the Tenth Circuit, other circuits and the Colorado Court of Appeals do indicate that the limitations period of the registering jurisdiction applies to the revivor of final judgments. *See*, *e.g.*, *Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404-410 (5th Cir. 2001); *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965); *Marx v. Go Pub. Co.*, 721 F.2d 1272, 1273 (9th Cir. 1983); *Wells Fargo Bank, Nat'l Assoc. v. Kopfman*, 205 P.3d 437, 439 (Colo. Ct. App. 2008) ("an out-of-state judgment domesticated in Colorado 'has the *same effect* and is subject to the *same procedures* . . . as a judgment of the court of this state in which filed and *may be enforced or satisfied in like manner*.'" (citing Colo. Rev. Stat. § 13-53-103 (2007)); 12 Moore's Federal Practice, § 58.08[5] at 58-41 (Matthew Bender 3d ed.) ("assuming a judgment is still valid in the rendering jurisdiction, once it is registered in the registering jurisdiction, it is entitled to the same effect and may be enforced in the same manner as any judgment in the registering district"). In Colorado,

final judgments must be revived within twenty years after entry of the judgment which it revives, and may be enforced in the same manner and for the same period as an original judgment. Colo. R. Civ. P. 54(h). Therefore, in order to revive the California Judgment in Colorado within the twenty year limitation period, the California Plaintiffs would have had to file their Motion to Revive Judgment and obtain an order from this court reviving the judgment prior to August 14, 2006. Based on the Court's review of the record, no application for revival of the California Judgment was timely made within this District. Therefore, to the extent the California Plaintiffs' instant Motion to Revive is based on registry of the California Judgment in this District, the Motion is DENIED.[10]

### B.   THE DISTRICT OF COLORADO'S NOVEMBER 9, 1989 FINAL ORDER

As previously stated, the November 9, 1989 Order was an adjudication of the Colorado Intervenors' claims against Defendant Barbish, which claims were substantively separate from, and unrelated to, California Plaintiffs' claims against Defendants. The only factual similarity is that the Colorado Intervenors, like the California Plaintiffs, alleged interests in the Pearl or proceeds from the Pearl's sale. However, the basis for the Colorado Intervenors' and California Plaintiffs' claims were unrelated. This Court finds that the November 9, 1989 Final Order was a final adjudication of the claims of the Colorado Intervenors against Defendants and, as such, was a final judgment which is subject to revival under Colorado Rules of Civil Procedure 54(h). Given Colorado's twenty-year limitations period for the revivor of final judgments,

---

10  The Court has insufficient knowledge regarding whether any party has sought to timely revive the California Judgment in California.

the motion to revive is timely because both the motion was filed and this order of revivor was entered on or before the expiration of the twenty-year limitation period.

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion to Revive Judgment (Doc. #1), joined by the Intervening Successors and the Largest Pearl, LLC, is GRANTED to the extent the Motion applies to the November 9, 1989 Final Order and DENIED to the extent the Motion applies to the California Judgment.

DATED:  November   6  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge