IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 86-RJ-00064-CMA

TRANS-EXCHANGE CORPORATION and M & M INVESTORS,

    Plaintiffs,

v.

THE WORLD'S LARGEST PEARL COMPANY and VICTOR BARBISH,

    Defendants.

JOSEPH BONICELLI,
PETER D. HOFFMAN,
PARVENAH HARGROVE,
JOHN LEVY,
THOMAS PHILLIPS,
JERRY HAAG, and
MRS. DELL GRAVES,

    Intervenors.

---

## ORDER DENYING REQUEST FOR RELIEF

---

This matter is before the Court on a Request for Relief filed by third party Frank L. Forster. (Doc. # 10.) The instant Request was filed in response to this Court's November 6, 2009 Order Granting Motion to Revive [a November 6, 1989] Judgment. (Doc. # 9) (the "November 6, 2009 Revival Order").[1] In pertinent part, the November 6,

---

1 The Motion to Revive was filed by Plaintiffs Trans-Exchange Corporation and M & M Investors. (Doc. #1). The Motion was joined by successors of the above-listed Intervenor Joseph Bonicelli, now deceased, and the Largest Pearl, LLC, to which Mr. Bonicelli's successors have transferred their interest. (Doc. # 6).

1989 Judgment addressed various interested parties' claims, and the priorities of such claims, in the Pearl of Allah and/or the proceeds of the Pearl's sale.[2] In the instant Request for Relief, Mr. Forster states that, pursuant to a January 18, 1991 California Superior Court judgment, he received an equitable lien against Intervenor Peter Hoffman's interest in the proceeds of the Pearl's sale, which judgment was given full faith and credit by the Central District of California on April 14, 1992. (Doc. # 10 at 8.)

Mr. Forster's equitable lien was acknowledged in a September 14, 1994 Final Order issued by former Judge Sherman G. Finesilver of the District of Colorado. (Doc. # 10 at 5-12) (the "September 1994 Final Order"). (Doc. #10 at 5-12). The Final Order directed as follows:

> Frank L. Forster shall have an equitable lien against Peter Hoffman's interest in the proceeds from the sale of the Pearl of Allah, to recover from [Intervenor] Peter Hoffman the principal sum of $20,000.00 and costs and disbursements in the sum of $299.00 together with interest as provided by California State law from January 18, 1991. The Co-Trustees, or any one of them, shall pay Frank L. Forster or his lawful assigns any and all amounts due Frank L. Forster pursuant to this Order, and such payment shall be made out of and only out of Peter Hoffman's share of the proceeds from the sale of the Pearl of Allah.

(*Id.* at 8). The September 1994 Final Order further directed that the "[p]roceeds from any other business activity generated by the Pearl shall be distributed in accordance with the Final Order of this Court dated November 9, 1989 (the "November 9, 1989 Final Order"), within 30 days of receipt." (*Id.*) Finally, the September 1994 Final Order

---

2  A detailed listing of various parties' claims and the priorities of those claims is set forth in the November 6, 2009 Revival Order. (Doc. # 9 at 6-7.)

declared that, "[u]pon filing of this Order, the litigation in this Court and in the United States District Court for the Central District of California shall be deemed concluded. All files shall be closed, and no further proceedings shall occur . . . . The involvement of the United States District Courts with regard to the Pearl of Allah shall cease[.]" (*Id.* at 9.)

Because Mr. Forster was granted an equitable lien subsequent to the November 9, 1989 Final Order, his lien is not listed therein. However, Mr. Forster now asks this Court to implement "some mechanism whereby [his] interest could be listed along side all the parties' interests set forth in the November 9, 1989 Final Order". (*Id.* at 2.) Having considered Mr. Forster's request, the Court denies his Request on grounds that the matter before this Court specifically concerned the revival of the November 9, 1989 Judgment. Because Mr. Forster's equitable lien, which was originally granted by the California Superior Court, was not a part of the November 9, 1989 Judgment, the relief requested by Mr. Forster in his letter of February 11, 2010, is not properly before this Court.

Accordingly, IT IS ORDERED THAT Frank L. Forster's Request for Relief (Doc. # 10) is DENIED.

DATED: April __13__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge