**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 86-RJ-00064-CMA

TRANS-EXCHANGE CORPORATION and M & M INVESTORS,

    Plaintiffs,

v.

THE WORLD'S LARGEST PEARL COMPANY and VICTOR BARBISH,

    Defendants.

JOSEPH BONICELLI,
PETER D. HOFFMAN,
PARVENAH HARGROVE,
JOHN LEVY,
THOMAS PHILLIPS,
JERRY HAAG, and
MRS. DELL GRAVES,

    Intervenors.

**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM ORDER**

This matter is before the Court on Plaintiffs Trans-Exchange Corporation and M & M Investors' Motion for Relief from Order, which they filed one year after the Court's November 6, 2009 Order pursuant to Fed. R. Civ. P. 60(b).  (Doc. #12).  For the following reasons, the Motion is denied.

I.      **BACKGROUND**[1]

On October 1, 2009, Plaintiffs filed a Motion to Revive a November 9, 1989 Judgment (Doc. #1) issued against Defendants by then Chief Judge Sherman G. Finesilver of the District of Colorado ("Colorado Case"), in connection with the Pearl of Allah ("Pearl").[2] This Judgment ("Colorado Judgment") and a related final order, also dated November 9, 1989 ("November 9, 1989 Final Order"), were entered pursuant to a stipulation of the parties. The November 9, 1989 Final Order identified, with particularity, the various parties' and Intervenors' judgment liens, each party's percentage of interest in the Pearl, and the amount of proceeds from the Pearl's sale to which each party was entitled. The November 9, 1989 Final Order also recognized and included the value of and priority position of Plaintiffs' judgment lien resulting from a judgment entered on January 31, 1985, by the Central District of California against Defendants World's Largest Pearl Company and Victor Barbish ("California Judgment").

In the November 6, 2009 Order, this Court determined that the November 9, 1989 Final Order was a final adjudication, i.e., a final judgment that was subject to revival under Colorado Rules of Civil Procedure 54(h). The Court further found that Plaintiffs' October 1, 2009 Motion to Revive the November 9, 1989 Final Order was timely filed within Colorado's twenty-year limitations period for the revival of final

---

[1] A more detailed version of the facts is set forth in the Court's Order Granting Motion to Revive Judgment, dated November 6, 2009. (Doc. #9).

[2] The Motion to Revive was joined by Interested parties, Michael Bonicelli, Gwendolyn Garris, Donna Fuller (all successors of deceased Intervenor, Joseph Bonicelli), and the Largest Pearl, LLC.

judgments. However, the Court further found that the November 9, 1989 Final Order was a final adjudication only of the Intervenors' claims against Defendant Barbish in the Colorado Case, and that the intervenors' claims in the Colorado Case were substantively separate from, and unrelated to, Plaintiffs' claims against Defendants in the California litigation. The Court further determined that the California Judgment constituted the final adjudication with respect to the dispute between Plaintiffs Trans-Exchange Corporation and M & M Investors and Defendants World's Largest Pearl Company and Victor Barbish. The Court concluded that, pursuant to 28 U.S.C. § 1963[3] and Colo. R. Civ. P. 54(h),[4] in order to revive the California Judgment, Plaintiffs would have had to file a motion to revive the California Judgment prior to August 14, 2006, twenty years from August 14, 1986, the date on which the action to register the California Judgment in Colorado was initiated. There was no evidence in the record that Plaintiffs filed any such motion by that deadline. Accordingly, the Court denied Plaintiffs' Motion to Revive to the extent that the motion sought to revive the California Judgment.

Though not clearly stated, Plaintiffs appear to take issue with the Court's denial of their Motion to Revive as it related to the California Judgment. *See* Doc. #12 at 9-10 ("The 1989 Final Order, as an integrated Final Judgment of this Court, was a new

---

3  This section states that registered foreign judgments "shall have the same effect as a judgment of the district court of the [registering district] and may be enforced in like manner."

4  This rule states that final judgments must be revived within twenty years after entry of the judgment which it revives, and may be enforced in the same manner and for the same period as an original judgment.

judgment and should be revived in its entirety."); Doc. #12-1, ¶¶ 12, 13 ("[T]he [November 9, 1989] Final Order was a Final Judgment independent, yet inclusive of the California Judgment," "[s]ubstantially all of the elements contained in the Final Order are intertwined and integrated," and "the California Judgment has not been satisfied").

## II.  DISCUSSION

Pursuant to Fed. R. Civ. P. 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been previously discovered, (3) fraud, misrepresentation, or the opposing party's misconduct, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  A Rule 60(b) motion "must be made within a reasonable time[.]" FED. R. CIV. P. 60(c).  Where relief is sought for the reasons set forth in Rule 60(b)(1)-(3), *i.e.*, mistake, newly discovered evidence, or fraud, the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

In the instant case, Plaintiffs seek modification of the November 6, 2009 Order because the estate of Defendant Victor Barbish opposed Plaintiffs' October 1, 2009 Motion to Revive "by misrepresenting to the Court that the Colorado lawsuit was 'merely a registration action.'" (Doc. #12 at 2).  Plaintiffs assert that this is a misrepresentation

because the November 9, 1989 Final Order "was not an order on a registration action, but an all-encompassing judgment of the Court determining numerous rights of numerous parties,"[5] and was "inclusive of the California Judgment."[6]

Regardless of whether the Defendant Barbish's estate misrepresented the nature of the lawsuit adjudicated in this District, the Court finds that Plaintiffs' reliance on this purported misrepresentation is an insufficient basis to seek modification of the Court's November 6, 2009 Order.  First, the Court's November 6, 2009 Order was not based on whether the Colorado lawsuit was "merely a registration action."  Rather, the Court considered – and rejected – the Barbish estate's argument that the November 9, 1989 Final Order was not a final judgment subject to revival.  The Court also rejected the Barbish estate's argument that the California Judgment was the only "final judgment" in this case.  Rather, the Court reasoned that two final judgments had been issued in connection with the Pearl and/or the proceeds from its sale: (1) the California Judgment, dated January 31, 1985, for which the twenty-year window for revival closed, and (2) Judge Finesilver's November 9, 1989 Final Order, which was still within the twenty-year window.  Because the Barbish estate's purported misrepresentation served no basis for the Court's November 6, 2009 Order, the purported misrepresentation was not material.

Accordingly, based on the foregoing, it is

ORDERED that Plaintiffs' Motion for Relief from Order (Doc. #12) is DENIED.

---

[5] Doc. #12 at 2.

[6] Doc. #12-1, ¶ 12.

DATED: March 11, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge